UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ALVIN CHRISTMAS,                         )
                                         )
                 Petitioner,             )
         v.                              )      No. 2:12-cv-170-WTL-DKL
                                         )
DICK BROWN,                              )
                                         )
                 Respondent.             )

**Entry and Order Dismissing Action**

**I.**

This is an action in which Alvin Christmas, a state prisoner, seeks a writ of habeas corpus. Having considered the pleadings and the expanded record, and being duly advised, the court finds that Christmas' petition for writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1.      The proceeding Christmas challenges is identified as No. WVE 11-12-0107. Christmas found guilty in that proceeding of violating prison rules through his possession or solicitation of unauthorized personal information.

2.      The sanctions imposed for the specified offense included the deprivation of a period of earned credit time.

3.      Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Christmas.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   4. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: During the afternoon of December 16, 2011, Christmas was strip searched at the Wabash Valley Correctional Facility. The search revealed that Christmas had a folded piece of paper between the cheeks of his buttocks. The piece of paper had a name, Savave S. Williams, on one side of the foled paper and at the inside of the note. Christmas had written a message to "Savane" on the inside of the note. Christmas was to "interview [Williams] for Law Library." Christmas was intending and attempting to pass this note to Williams.

   5. Under *Wolff* and *Hill,* Christmas received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Christmas was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

6. Christmas' claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

   a. Christmas was charged with attempted trafficking. This charge focused both on the presence of the note and what Christmas intended to do with it. The presence of the note necessarily involved the content of the note. He was found guilty of related misconduct, focusing just on the content of the note. Although found guilty of related misconduct, all the information on which the finding was based is set forth in the conduct report and hence Christmas had adequate notice of the related violation. The hearing officer's modification therefore did not violate Christmas' right to due process. *See Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) (explaining that inmate was not denied due process by substitution of different charge during administrative appeal because investigative report given to inmate before disciplinary hearing placed him on notice that he could be subject to additional charge); *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (concluding that prison disciplinary committee did not deny inmate due process by elevating charge from possession of "contraband" to "dangerous contraband" since both charges shared same factual basis).

   b. Christmas challenges the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). In this case, Christmas possessed a note addressed to "Savave." The note contained personal telephone numbers, an address, Facebook addresses, and other personal information not belonging to Christmas and which were not all contained in his telephone records and lists. His possession of this information constitutes a violation of the rule cited by prison authorities in the decision and in the administrative review of that decision. The evidence was constitutionally sufficient.

   c. Christmas maintains that there was a violation of Department of Correction policies regarding when a hearing is to be conducted, the distribution of paperwork and when a hearing is postponed. Apart from its nuances, a claim of this nature does not support federal habeas corpus relief under 28 U.S.C. ' 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

   d. Christmas contends that he did not receive a fair and impartial hearing. He supports this contention by referring to the hearing officer's "representation of facts and finding of guilt." In other words, this contention is based on the decision in WVE 11-12-107. However, invoking the supposed the merits of his other claims this leaves this claim entirely unsupported. *Wolff,* 418 U.S. at 571 (explaining that a conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard

of arbitrariness violative of due process); *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

6.   "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Christmas to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

**Date:** 12/04/2013

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Alvin Christmas**
**128462**
**New Castle Correctional Facility**
**1000 Van Nuys Road**
**P.O. Box A**
**New Castle, IN 47362**

**Electronically Registered Counsel**